UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROY FRY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:13CV59 CDP |
| ACCENT MARKETING SERVICES, L.L.C., | ) ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff was a customer service representative at defendant's call center in Farmington, Missouri and alleges that he and other similarly situated employees were required to perform work duties before and after their shifts without being paid.[1] Plaintiff alleges that defendant improperly calculated compensation in other ways, too, like failing to include non-discretionary bonus pay when determining overtime compensation and requiring employees to round their clock in/clock out times to the nearest quarter hour. Plaintiff brings a collective action for unpaid compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of himself and others similarly situated. Plaintiff also seeks to

---

[1]These duties included starting up their computers, logging onto their computers, and bringing up programs and screens.

certify a class action under Federal Rule of Civil Procedure 23 for state law statutory claims under the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. § 290.500 et seq., as well as for common law claims of quantum meruit, unjust enrichment, and breach of contract.[1]

Defendant moves for partial judgment on the pleadings, arguing that plaintiff's state law claims are preempted by the FLSA and incompatible with a collective action. Defendant also contends that plaintiff has not adequately pled a class action, that his breach of contract claim is barred by the statute of frauds, and that a two-year statute of limitations applies to plaintiff's claims. Plaintiff's state law claims are not preempted by the FLSA or incompatible with a collective action. Moreover, plaintiff has adequately alleged the elements of a class action and a breach of contract claim. While I agree that a two-year statute of limitations applies to plaintiff's common law and MMWL claims for overtime wages, a five-year limitations period governs plaintiff's common law claims to the extent they seek recovery of regular or straight time wages. Therefore, I will grant defendant's

---

[1] Plaintiff seeks to represent a class consisting of:

employees who are currently working for or who have worked for the defendant at any time during the last five years. Said claims include a class that consists of all current and former hourly employees who were required to perform pre and post shift work without compensation and a class that consists of all current and former hourly employees who were paid a non-discretionary bonus that was not computed into their regular hourly rate of pay and overtime compensation.

motion on that limited ground only. In all other respects, the motion is denied.

Discussion

To decide defendant's motion for judgment on the pleadings, I apply the same standard I use to decide a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Defendant first argues that plaintiff's state law claims for overtime pay should be dismissed as preempted by the FLSA. The FLSA prohibits the

employment of any person "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee who sues for unpaid overtime "has the burden of proving that he performed work for which he was not properly compensated." Lopez v. Tyson Foods, Inc., 690 F.3d 869, 874 (8th Cir. 2012) (citation omitted). "Activities performed either before or after the regular work shift, on or off the production line, are compensable . . . if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by 29 U.S.C. § 254(a)(1)." Id. (citation omitted). The FLSA contains a savings clause, which states, "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218(a).

State law is preempted if a court determines that (1) Congress expressly preempts state law; (2) Congress has pervasively regulated conduct in a field manifesting its intent to preempt state law; or (3) the state law conflicts with

federal law. Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992); English v. Gen. Elec. Co., 496 U.S. 72, 78–79 (1990); Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1141 (E.D. Mo. 2007). In the absence of express pre-emptive language, as is the case with the FLSA, the Eighth Circuit Court of Appeals has held that:

> pre-emptive intent may . . . be inferred if the scope of the statute indicates that Congress intended federal law to occupy the legislative field, or if there is an actual conflict between state and federal law. Such a conflict arises when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

Qwest Corp. v. Minn. Pub. Utilities Comm'n, 684 F.3d 721, 726 (8th Cir. 2012).

While there is contrary authority, see, e.g., Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir. 2007) (holding that the plaintiff's state law contract, negligence, and fraud claims were preempted by the FLSA, under conflict/implied preemption), I agree with the district courts within the Eighth Circuit that have considered this issue have found no preemption under the FLSA of state common law claims such as those asserted by plaintiff. See Byrd v. BJC Health System, 4:11CV1571 HEA, 2013 WL 1581420, *2-3 (E.D. Mo. Apr. 12, 2013); Davenport v. Charter Communications, LLC, 4:12CV7 AGF, 2012 WL 5050580, *2-*3 (E.D. Mo. Oct. 12, 2012) (no preemption of Missouri's Minimum Wage Law, or

state law claims for breach of contract, quantum meruit, or unjust enrichment based on the same alleged facts underlying FLSA claim); Perez–Benites v. Candy Brand, LLC, 267 F.R.D. 242, 246 (W.D.Ark. 2010) (holding that the plaintiffs' breach of contract claim seeking overtime pay was not preempted by the FLSA; "Most district courts in the Eighth Circuit agree that the FLSA's savings clause . . . indicates that the FLSA does not provide an exclusive remedy for its violations."); Doyel v. McDonald's Corp., No. 4:08CV01198 CAS, 2009 WL 350627, at *4 (E.D. Mo. Feb. 10, 2009); LePage v. Blue Cross & Blue Shield, No. 08–584 (RHK/JSM), 2008 WL 2570815, *8 (D. Minn. June 25, 2008) ("While Plaintiffs may not obtain double recovery, they are free to pursue relief under the FLSA as well as unjust enrichment.") (citation omitted); Robertson v. LTS Mgmt. Servs., LLC, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2008) (holding that the FLSA did not preempt state law claims for breach of contract, quantum meruit, and unjust enrichment); Osby v. Citigroup, Inc., 07CV6085 NKL, 2008 WL 2074102, at *2 (W.D. Mo. May 14, 2008); Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 885 (N.D. Iowa 2008) (holding that the plaintiffs' duplicative claim under Iowa's minimum wage law was not preempted by the FLSA because the claim did not interfere with, frustrate, conflict with, or stand as an obstacle to the goals of the FLSA, and because FLSA does not provide the exclusive remedy for its

violations). Although plaintiff did not plead the state law claims in the alternative, he will not be able to recover double damages for the same injury. See Davenport, 2012 WL 5050580, at * 3. Furthermore, it remains to be seen whether plaintiff will be successful in certifying a class under Rule 23 as to the state common law claims. However, he is not precluded from asserting them as preempted by the FLSA.

Defendant next argues that plaintiff's proposed Rule 23 "opt out" class action is incompatible with the FLSA's opt-in collective action requirement under Section 216(b). Generally, "the issue of whether to allow a FLSA collective action to proceed simultaneously with a Rule 23 class action under a state's hours and wage law is essentially one of practicability, with the weight of authority holding that the two can proceed together in one action." Ondes v. Monsanto Co., 4:11CV197 JAR, 2011 WL 6152858, at *8 (E.D. Mo. Dec. 12, 2011) (citing Arnold v. DirecTv, 4:10CV352 AGF, 2011 WL 839636, *8 (E.D. Mo. Mar. 7, 2011)); see also Salazar v. AgriProcessors, Inc., 527 F. Supp. 2d 873, 886 (N.D. Iowa 2007)(citing cases where courts found that it was appropriate to exercise supplemental jurisdiction over state law wage class actions in addition to FLSA collective actions); Osby, 2008 WL 2074102, n.2 at *3 ("District court cases permitting FLSA collective actions to proceed simultaneously with Rule 23 state

actions are legion.").

Here, because "the factual overlap between the FLSA claims and the state wage and hours law claims is virtually total, '[i]t would illserve the interests of convenience or judicial economy to re-litigate in state court the defendants' pay practices.'" Arnold, 2011 WL 839636, at *8 (quoting Cortez v. Nebraska Beef, Inc., 266 F.R.D. 275, 287 (D. Neb. 2010)). Plaintiff's allegations related to his FLSA and his state law wage claims are virtually identical, and he will need to rely on the same evidence for the majority of his claims. Further, "Congress has made no explicit or inferential attempt requiring courts to refuse to exercise supplemental jurisdiction." Cortez, 266 F.R.D. at 287 (citing Salazar, 527 F. Supp. 2d at 884–85). I agree with the other district courts of the Eighth Circuit that, "at this stage of the litigation, a determination that a FLSA collective action is incompatible with a Rule 23 class action would not be in the interests of judicial economy." Ondes, 2011 WL 6152858, at *8. Moreover, my refusal to exercise supplemental jurisdiction would "simply cause those state law claims to be brought in another court." Id.; see also Perrin v. Papa John's Int'l, Inc., No. 4:09CV01335 AGF, 2011 WL 846148, *6 (E.D. Mo. Mar. 8, 2011)("[T]he better approach is to allow both actions to proceed together in federal court").

I find no basis for dismissing plaintiff's state law claims because of the

alleged incompatibility of these claims. "It is simply too early to determine that Plaintiffs' claims may not go forward together where there is no evidence that the FLSA claims and the state law claims could not be fairly adjudicated together." Osby, 2008 WL 2074102, at *3; Perrin, 2011 WL 846148, at *6 ("At this stage of the proceedings the Court is not convinced that both claims cannot be effectively adjudicated in this one action by proper case management.").[2]

Defendant also claims that plaintiff has not adequately pled the requirements of a Rule 23 class action. "Striking plaintiffs' class allegations prior to discovery and the class certification stage is a rare remedy, appropriate [only] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Doyel, 2009 WL 350627, at *5; see Weatherly v. Michael Foods, Inc., 2008 WL 5110917, *3 (D. Neb. Dec. 2, 2008) ("[T]here can be no doubt that

---

[2]Although defendant cites Schmidt v. Fuller Brush Co., 527 F.2d 532 (8th Cir. 1975), in support of its argument that a collective action for wages and overtime compensation under 216(b) of the FLSA and a Fed.R.Civ.P. 23 class action are mutually exclusive and irreconcilable, that case does not apply here because it addressed only the impropriety of bringing an FLSA claim as a Rule 23 class action under the statute, and did not address the implications of having a collective action and a class action in the same lawsuit. Id. at 535-37. Nor does the United States Supreme Court's recent decision in Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1529-30 (Apr. 16, 2013), mandate a different result. That case does not address the issue before me. Although it does discuss generally some of the differences between a collective action and a class action, see id., it does not hold that a plaintiff cannot bring a collective action under the FLSA in the same action with other state law class claims. Defendant's argument that plaintiff's putative class claims would somehow extinguish the FLSA claims of absent class members -- which is really just another way of restating the previous two arguments -- is rejected for the same reasons stated above.

is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied.") (internal quotation marks and citation omitted). Having reviewed the complaint under the relevant standards, and mindful that at this stage of the proceedings all doubts must be resolved in favor of plaintiff, I find that plaintiff has sufficiently alleged the elements of a Rule 23 class action. Whether plaintiff is ultimately entitled to class certification is not an issue properly before me at that this time. Although defendant may certainly challenge these elements following class discovery, briefing, and a certification hearing, I cannot dismiss these allegations at this time.

Defendant next contends that plaintiff has not adequately alleged the elements of a breach of contract claim because the complaint is devoid of any specific allegations regarding the employment contract, including whether it is oral or written.[3] Then, defendant extrapolates that dismissal is required because

---

[3]In his opposition, plaintiff clarifies that he is bringing a claim for breach of an at-will employment agreement. Under Missouri law, "the only legally enforceable promise created out of at-will employment is the employer's promise, whether express or implied, *to pay the employee for the work performed by the employee.*" Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15, 26 (Mo. Ct. App. 2008) (emphasis supplied). As this is exactly the kind of claim brought by plaintiff, defendant is not entitled to judgment on the pleadings on this basis.

plaintiff's employment contract may be oral and barred by the statute of frauds.[4]
The statute of frauds is an affirmative defense under Federal Rule 8(c)(1).
Ordinarily, "a plaintiff need not plead facts responsive to an affirmative defense
before it is raised." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 601 n.10 (8th
Cir. 2009). Moreover, as a defendant bears the burden of proof on an affirmative
defense, it is normally not an appropriate basis upon which to grant a motion to
dismiss or for judgment on the pleadings. However, "[i]f an affirmative defense . .
. is apparent on the face of the complaint . . . that [defense] can provide the basis
for dismissal under Rule 12(b)(6)." C.H. Robinson Worldwide, Inc. v. Lobrano,
695 F.3d 758, 764 (8th Cir. 2012). That exception is not met here, as the statute of
frauds does not apply to plaintiff's claim for breach of an at-will employment
agreement. In Missouri, "A contract which is not expressly to run for a period
longer than a year and is terminable at will, or on less than a year's notice, is not
within the statute of frauds, since by exercise of the option to terminate it may be
wholly performed within the year, and this rule applies although the contract is of a

---

[4]Missouri's statute of frauds provides:

No action shall be brought . . . upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized.

Mo. Rev. Stat. § 432.010.

continuing nature, and, in fact, has extended for more than a year." Null v. K & P Precast, Inc., 882 S.W.2d 705, 707 (Mo. Ct. App. 1994) (quoting Koman v. Morrissey, 517 S.W.2d 929, 935 (Mo. 1974)). Whether plaintiff may ultimately be entitled to relief on this claim is not before me at this time. However, I cannot dismiss the claim on this basis at this stage of the proceedings.

Defendant argues that a two-year statute of limitations applies to plaintiff's MMWL and common law claims for unpaid overtime compensation. In support of its position, defendant cites my recent decision in Trapp v. O. Lee, LLC, 2013 WL 171812, *1 (E.D. Mo. Jan. 16, 2013). In that case, plaintiff brought an FLSA claim for unpaid compensation, as well as state law claims for violations of the MMWL, breach of contract, quantum meruit, and unjust enrichment. Id. at *2. After analyzing Missouri's statutes of limitations dealing with the recovery of unpaid wages and overtime compensation,[5] I held that a two-year statute of limitations applied to plaintiff's claims seeking overtime pay for breach of contract, quantum meruit, and unjust enrichment, but that Missouri's five-year statute of limitations applied to plaintiff's common law claims to the extent they

---

[5]Those statutes include Mo. Rev. Stat. § 516.140, which applies a two-year limitations period for "an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation . . . ," Mo. Rev. Stat. § 516.140, which contains a two-year limitations period for claims brought under the MMWL, and Mo. Rev. Stat. § 290.527, which applies a five-year limitations period to "all actions upon contracts, obligations, or liabilities . . . ."

sought recovery of regular or straight time wages. Id. at *2-*3. I continue to believe my analysis in Trapp is correct, and I apply it here. A two-year limitations period applies to plaintiff's common law claims seeking overtime pay for breach of contract, quantum meruit, and unjust enrichment, but a five-year limitations period applies to these claims to the extent they seek regular or straight time wages. Plaintiff's MMWL claims are governed by that statute's two-year limitations period. Defendant's motion for judgment on the pleadings on this point is granted only to the extent consistent with this Order.[6]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment on the pleadings [#24] is granted only to the limited extent set out above, and in all other respects is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2013.

---

[6] I deny defendant's request to decline supplemental jurisdiction over plaintiff's state law claim at this time. Plaintiff's unsupported request for fees is also denied.