UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROY FRY, individually and on           )
behalf of all others similarly situated,  )
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )        Case No. 4:13CV59 CDP
                                       )
ACCENT MARKETING SERVICES,)
L.L.C.,                                )
                                       )
          Defendant.                   )

## MEMORANDUM AND ORDER

Plaintiff was a customer service representative at defendant's call center in

Farmington, Missouri.  Plaintiff alleges that he and other similarly situated

employees were required to perform work duties before and after their shifts

without being paid.  Plaintiff alleges that defendant improperly calculated

compensation in other ways, too, like failing to include non-discretionary bonus

pay when determining overtime compensation and requiring employees to round

their clock-in/clock-out times to the nearest quarter hour.  Plaintiff brings a

collective action for unpaid compensation under the Fair Labor Standards Act

(FLSA), 29 U.S.C. § 201, et seq., on behalf of himself and others similarly

situated.[1]  Plaintiff now moves for conditional certification of this case as a

collective action under FLSA so that he may notify certain of defendant's past and

present employees of this action and provide them the opportunity to "opt in" as

plaintiffs to this litigation.[2]  Defendant opposes conditional certification on

various grounds.  I will grant plaintiff's motion for the reasons that follow.

Background

Defendant operates a call center in Farmington, Missouri.  Fry worked there

as a customer service representative.  He was paid as an hourly non-exempt

employee and was entitled to receive overtime compensation.  To handle telephone

calls, Fry and other customer service representatives were required to log in and

use a computer system, open numerous computer programs, and read company

emails before the start of their shift.  Plaintiff also alleges that he and other

customer service representatives were required to clock out during their lunch

break, which required them to return from lunch about five minutes early to log

back onto the system.  Plaintiff further claims that, at the end of a shift, he and the

---

[1]Plaintiff also seeks to certify a class action under Federal Rule of Civil Procedure 23 for state law statutory claims under the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. § 290.500 et seq., as well as for common law claims of quantum meruit, unjust enrichment, and breach of contract, but these claims are not the subject of the instant motion.

[2]Four other Accent employees have already filed consents to join this action even though it has not yet been certified as a collective action.

other customer service representatives were required to perform work after clocking out, including shutting down programs, logging out, and completing paperwork.[3]  Plaintiff alleges that he and other customer service representatives were not paid for the time it took them to perform these tasks.  Plaintiff alleges that his supervisors were aware of this extra work and instructed him and the other customer service representatives that they needed to be ready to handle calls at the start of their scheduled shifts.   Plaintiff also alleges that he received non-discretionary bonuses as a full-time employee and that these bonuses were not calculated in his regular rate of pay, resulting in less overtime compensation.

With the instant motion, plaintiffs request an order granting conditional class certification certifying this case as a collective action and authorizing plaintiffs to send notice under § 216(b) of the FLSA to "all non-exempt employees who were required to perform tasks such as booting up and shutting down their computers and logging in and out of various programs without pay during their unpaid meal periods and before and after their scheduled shifts at the Farmington call center" for a three year period.  Plaintiff also seeks an order requiring defendant to provide

---

[3]Sometimes, plaintiff was also stuck on the phone with a customer at the end of his shift and could not log out on time.  In those situations, plaintiff alleges that he was not paid until he had been on the phone for at least five minutes after his shift ended.   In support of this motion, two other potential class members filed affidavits mirroring plaintiff's allegations, including this one.

them with the name, last known address, social security number, telephone number, and dates of employment for each such employee and to conspicuously post notice of this case at the call center.[4]

## Discussion

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage.  29 U.S.C. § 207.  The Act also provides that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . .  unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

 An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  Id.  The FLSA does not define the term "similarly situated."[5]  Although the Eighth Circuit Court of Appeals has

---

[4]Plaintiff and his counsel also seek to be named as class representative and class counsel, but they point to no authority which would require such appointment for collective actions.  This issue will presumably be raised when plaintiff seeks to certify a class under Fed. R. Civ. P. 23.

[5]A 216(b) collective action differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure.  Davis v. Novastar Mortgage, Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005).  A primary distinction is that under FLSA a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee

not decided the standard to determine whether potential opt-in plaintiffs are

"similarly situated" under § 216(b),  the district courts in this circuit use a two-step

analysis.  See e.g., Simmons v. Enterprise Holdings, Inc., 2011 WL 855669, *2

(E.D. Mo. Mar. 9, 2011); Littlefield v. Dealer Warranty Services, LLC, 679 F.

Supp. 2d 1014, 1016 (E.D. Mo. 2010);  Parker v. Rowland Express, Inc., 492 F.

Supp. 2d 1159 (D. Minn. 2007);  Davis v. Novastar Mortgage, Inc., 408 F. Supp.

2d 811 (W.D. Mo. 2005); Dietrich v. Liberty Square, L.L.C., 230 F.R.D. 574 (N.D.

Iowa 2005); McQuay v. American International Group, Inc., 2002 WL 31475212

(E.D. Ark. 2002).

As is typical under the two-step process, plaintiff has moved for conditional

certification for notice purposes at an early stage of the litigation.  See Davis, 408

F. Supp. 2d at 815.  At this first step in the process, I do not reach the merits of his

claims.  Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo.

2007); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation

omitted).  Plaintiff's burden at this stage is not onerous.  See Kautsh, 504 F. Supp.

2d at 688; Smith v. Heartland Automotive Services, Inc., 404 F. Supp. 2d 1144,

1149 (D. Minn. 2005) (burden at first stage is "not rigorous").  Conditional

---

must "opt-out" to avoid being bound by the judgment.  Id.  See also Grayson v. K Mart Corp., 79
F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less
stringent than Rule 23(b)(3) class action standards).

certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Davis, 408 F. Supp. 2d at 815.  "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." Fast v. Applebee's International, Inc., 2007 WL 1796205, *3 (W.D. Mo. June 19, 2007). That determination is made during the second step of the process, after the close of discovery. Id.  "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." Heartland, 404 F. Supp. 2d at 1149 (citation omitted).  Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." Parker, 492 F. Supp. 2d at 1159.

At the second step of the process, the defendant may move to decertify the class.  See Dernovish v. AT&T Operations, Inc., 2010 WL 143692, *1 (W.D. Mo. Jan. 12, 2010).  This is typically done after the close of discovery when I have more information and am able to make a factual determination as to whether the members of the conditionally certified class are similarly situated.  See Davis, 408 F. Supp. 2d at 815.  To be similarly situated, however, "class members need not be identically situated." Fast, 2007 WL 1796205, *4 (W.D. Mo. June 19, 2007).

Having reviewed plaintiff's motion in light of the relevant standards, I find

that he has cleared the relatively low hurdle of demonstrating that conditional

certification of the collective action is appropriate.  Plaintiff has come forward with

substantial allegations that he and the other members of the proposed collective

action were victims of a single decision, policy or plan to deprive them of

compensation, namely, that they were required to perform some work, including

but not limited to booting up their computers and logging into one or more

computer software programs, without getting paid for it.  Although defendant has

presented evidence that clocking in and clocking out procedures, log-in

requirements, and computer and software programs might vary among trainees and

customer service representatives, plaintiff has still adequately alleged that he and

the other employees he seeks to represent were required to perform similar work

without pay, and he has adequately described the work in sufficient detail so that

other proposed members of the collective action who performed similar tasks may

be identified and notified of the action.  See, Simmons, 2011 WL 855669, at *3

(conditionally certifying collective action involving unpaid overtime at call center

despite defendant's claims that log-in requirements could differ among supervisors

and customer service representatives); Bishop v. AT&T Corp., 256 F.R.D. 503,

507 (W.D. Pa. 2009) (conditionally certifying collective action involving unpaid

overtime at call centers and noting that "enumerating the specifics of how each call

center accounts for employee work hours does not counter an allegation of a

common policy of denying payment for such hours."); Busler v. Enersys Energy

Products, Inc., 2009 WL 2998970, *3 (W.D. Mo. Sept. 16, 2009) (conditionally

certifying collective action, despite potential distinctions among plaintiffs, because

plaintiffs presented enough evidence at initial stage that employees were similarly

situated and subject to a common practice.").  To the extent this and defendant's

other arguments regarding management policies go to the merits of plaintiff's

claims, they are not yet ripe for resolution.  See Dernovish, 2010 WL 143692 at *2

(conditionally certifying collective action involving call center telephone

representatives being required to log in to computer systems before start of shift,

despite arguments by defendant that their written policies prohibited such practices

and that employees have different managers and job requirements; these arguments

go to merits, and plaintiffs made adequate showing of being similarly situated

because they were all required to log in before they could work); Loomis v. CUSA,

LLC, 257 F.R.D. 674, 676 (D. Minn. 2009) (court does not make credibility

determinations or findings of fact with respect to contradictory evidence submitted

by parties at this initial stage).

The same is true for defendant's argument that plaintiff has failed to allege

that he was entitled to overtime.  Plaintiff does allege a failure to properly pay

overtime compensation, and he and other potential opt-in plaintiffs have submitted

declarations that they were full-time employees and were not properly

compensated for all overtime hours.  Whether plaintiff actually worked more than

40 hours per week also goes to the merits of this case and will be addressed at a

later stage of the litigation.  <u>Simmons</u>, 2011 WL 855669, at *4 (whether plaintiffs

at call center actually worked more than 40 hours goes to merits of litigation and

does not preclude class certification): <u>Greenwald v. Phillips Home Furnishings</u>

<u>Inc.</u>, 2009 WL 259744, *6 (E.D. Mo. Feb. 3, 2009) (whether plaintiffs actually

worked more than 40 hours goes to the merits).

 For purposes of this motion, these arguments do not preclude conditional

certification of a collective action.  After discovery is complete and the matter is

fully briefed, I may decertify the collective action if defendant shows that is

appropriate then.  But I cannot deny conditional certification of the proposed

collective action simply because plaintiff may not ultimately prevail on his FLSA

claim.

 As plaintiff has pled a willful violation, a three-year certification period is

appropriate.  <u>See Simmons</u>, 2011 WL 855669, at *4 (three-year certification

period); <u>Beasely v. GC Services LP</u>, 270 F.R.D. 442, 445 (E.D. Mo. 2010) (same).

However, as plaintiff has cited no legal authority supporting his request for tolling

the limitation period upon conditional certification, the Court will not grant this relief.  I agree with defendant that plaintiff is not entitled to the social security numbers and phone numbers of potential class members at this time.  Rather, defendant shall simply provide plaintiff with the names, last known addresses, and dates of employment for all potential class members.  If, however, notices sent by mail are returned and additional information is required to notify potential class members, then I expect counsel to meet and confer in good faith about this issue and attempt to resolve it in a manner designed to safeguard the privacy of potential class members and without further Court involvement.  I also believe that posting of the notice in a conspicuous location (whether by a time clock or elsewhere) in defendant's Farmington call center is appropriate.  Finally, I agree with plaintiff that a ninety-day consent to join period is appropriate.  With these guidelines in mind, I expect the parties to meet and confer in good faith to agree upon a proposed form of notice, to be filed for the Court's consideration within 20 days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for order conditionally certifying collective action [#36] is granted, and the Court conditionally certifies a class of all current and former non-exempt employees of defendant Accent

Marketing Services L.L.C. at its Farmington, Missouri call center who were required to perform tasks such as booting up and shutting down their computers and logging in and out of various programs without pay during their unpaid meal periods and before and after their scheduled shifts, for a period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that defendant shall provide plaintiff's attorneys with the names, employment dates, and last known addresses of all potential class members within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall file a joint proposed form of notice for the Court's consideration, consistent with this Order, within 20 days of the date of this Order.  If the parties cannot agree on a joint proposed form of notice after good faith efforts, then the parties shall file their own proposed forms of notice, each with a brief memorandum setting out the areas of disagreement and support for their position, for the Court's consideration.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 13th day of August, 2013.

- 11 -