UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROY FRY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:13 CV5 9 CDP |
| ACCENT MARKETING SERVICES, L.L.C., | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER APPROVING SETTLEMENT**

Named plaintiff Roy Fry and opt-in plaintiffs Rebecca Clubb, Dylan Hardin, Amanda Hawley, Gabrielle McMillen, and Karen Treece, on behalf of all collective class members, and defendant have filed a joint motion requesting that the Court approve their settlement agreement. This case was brought under § 216(b) of the Fair Labor Standards Act and, as such, any settlement must be approved by the Court. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).[1] In support of the motion, the parties submitted a brief detailing the negotiations that resulted in the settlement and the settlement agreement itself, which the parties jointly requested be filed under seal. Because I find that the settlement is fair and equitable to

---

[1]Plaintiffs also brought claims under the Missouri Wage and Hour Act, Mo. Rev. Stat. § 290.010 et seq., and Missouri common law.

all parties, I will approve the settlement.

A district court may only approve a settlement agreement in a case brought under § 216(b) after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. Id.; Moore v. Ackerman Investment Co., 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009); Bailey v. Ameriquest Mortgage Co., 2003 WL 23527788, *1 (D. Minn. Dec. 19, 2003).

This settlement is undoubtedly the product of contested litigation as the parties dispute nearly every aspect of this case. The plaintiffs in this action have brought suit against their employer to recover allegedly unpaid overtime wages under the FLSA.[2] Defendant disputes this and vigorously contested conditional certification of a collective action. After I granted conditional certification but before notice was sent to the potential class, the parties jointly moved to stay this case and for mediation.[3] In preparation for mediation, the parties conducted additional informal discovery about the relative strengths and weaknesses of the remaining claims. On November 18, 2013, the parties conducted a full-day mediation session with neutral Richard Sher and settled this case. As a result, I find that the parties have a bona fide dispute.

---

[2]On September 6, 2013, plaintiffs voluntarily dismissed without prejudice claims arising from defendant's alleged failure to properly calculate non-discretionary bonus pay and defendant's alleged work time-rounding policy. [Doc. # 46].

[3]I granted this motion on September 16, 2013. [Doc. # 48].

To determine whether the settlement is fair and reasonable under the FLSA, courts routinely consider the same fairness factors typically applied to a Rule 23 class action. Moore, 2009 WL 2848858, at *2; Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718-19 (E.D. La. 2008). Among the factors a court may consider are the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery. Moore, 2009 WL 2848858, at *2. Here, named and opt-in plaintiffs and defendant agree to this settlement, which was achieved only after extensive motion practice, discovery, and mediation with an experienced mediator. The agreement is a compromise, as neither party has received everything it demanded. Each party was represented by competent counsel during settlement negotiations and throughout the pendency of this case. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims, yet the litigation is not so advanced that the parties will not realize significant benefits by settling before filing motions for summary judgment and trial. The settlement reportedly takes into account the amount of overtime hours worked by the class members and the risks of continuing this litigation. It also provides for the participation of, and payment to, class members using a reasonable notice procedure and providing a reasonable opt-in period, thereby

increasing the class size and benefitting a greater number of defendant's employees. Any potential plaintiff who does not opt in to the settlement retains all legal rights to pursue individual claims against defendant. As a result, I find no basis to doubt that the settlement is fair and reasonable to all parties.

The notice and consent forms attached to the settlement agreement are a reasonable and appropriate means by which potential opt-in plaintiffs may elect to participate in the settlement. The notice and consent forms will be distributed to the conditionally certified collective action identified in my August 13, 2013 Memorandum and Order [Doc. # 43].

The requested attorneys' fees in this case are also reasonable. It is well-established that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e]." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). The attorneys in this case have undertaken significant motion practice, discovery, negotiated with opposing counsel, and participated in a mediation. The amount of attorneys' fees requested by plaintiffs' counsel is not opposed by defendant and is reasonable based on the amount of time and effort expended on this case. I also find that the incentive payments to plaintiffs Fry, Treese, McMillen, and Hawley are fair and reasonable given their participation in this case.

I also note that the parties ask me to retain jurisdiction over this action to enforce the settlement. Although I normally do not do this, I will do so in this case. However, the parties are warned that they should use their best efforts to resolve any settlement disputes without Court involvement as I am not in the business of administering settlements.

Finally, the parties filed their settlement agreement under seal, and their settlement agreement contains a confidentiality provision which requires both parties to ensure that it is not part of the public file. The agreement, however, does not prevent the potential class members from reviewing it during the opt-in period. Although I do not ordinarily permit documents to be filed or to remain under seal, in this case when I balance the substantial benefits of this settlement against the harm of sealing this document from public view, I conclude that the interests of justice weigh in favor of approving the parties' settlement agreement and allowing it to remain filed under seal.

Within 45 days after the end of the opt-in period, the parties shall file a joint status report which sets out the status of the settlement and informs me whether all parties have complied with all provisions of the settlement agreement. If so, then the parties shall also file a joint motion for stipulation of dismissal and entry of final judgment, which shall include a proposed order of final judgment as an attachment to

the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' unopposed motion for approval of settlement [#56] is granted, and the parties shall effectuate the terms of the settlement agreement.

**IT IS FURTHER ORDERED** that within 45 days after the end of the opt-in period, the parties shall file a joint status report which sets out the status of the settlement and informs me whether all parties have complied with all provisions of the settlement agreement. If so, then the parties shall also file a joint motion for stipulation of dismissal and entry of final judgment, which shall include a proposed order of final judgment as an attachment to the motion.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2014.